**ROGER JEWELL**
316 N. Avenue A, #82
Casa Grande, AZ 85122
(520) 424-6253
laroger0@yahoo.com
Plaintiff, *Pro Se*




**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **ROGER JEWELL**, an individual, | ) **CASE NO.** CV-13-00524-PHX-SRB |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES:** |
| | ) |
| **vs.** | ) **(1) VIOLATIONS OF THE *FAIR DEBT*** |
| | ) ***COLLECTION PRACTICES ACT*** |
| **ADVANCE AMERICA, CASH ADVANCE CENTERS OF ARIZONA, INC.**, a corporation, and **D2 MANAGEMENT & ASSOCIATES**, business form unknown, and **DOES 1-20**, inclusive, | ) **(FDCPA) AND *TELEPHONE CONSUMER PROTECTION ACT* (TCPA)** |
| | ) **(2) HARASSMENT;** |
| | ) **(3) INJUNCTIVE RELIEF;** |
| | ) **(4) DECLARATORY RELIEF: AND** |
| | ) **(5) VIOLATION OF RIGHT TO** |
| Defendants. | ) **PRIVACY** |

**FIRST CAUSE OF ACTION**
(VIOLATION OF THE *FAIR DEBT COLLECTION PRACTICES ACT* (FDCPA))

1. Plaintiff ROGER JEWELL is, and at all times herein mentioned was, an individual residing in the City of Casa Grande, Arizona, within this judicial district.

2. Defendant ADVANCE AMERICA, CASH ADVANCE CENTER OF ARIZONA, INC. is, and at all times herein mentioned was, a corporation authorized to conduct and in fact does business in the State of Arizona and within this judicial district.

3. Defendant D2 MANAGEMENT & ASSOCIATES, hereinafter referred to as "D2", is, and at all times herein mentioned was, a business, form unknown, and an alleged collection agency doing business in an unlicensed capacity in the State of Arizona within this judicial district.

4. Plaintiff does not know the names and identities of Defendants sued herein as DOES 1-20, inclusive, and hereby sues said Defendants by such fictitious names. Plaintiff will seek to amend the complaint when the true names and capacities of said Defendants become known to Plaintiff.

5. In doing the things alleged herein, each of the Defendants was acting as the agent, servant, or employee of the other defendants and acting within the course of such agency, servitude, or employment when the acts were committed.

6. This action is brought in the United States District Court and specifically within this judicial district based upon ~~15~~ 47 U.S.C. §§ ~~1692~~ 227, et seq., also known as the *Telephone Consumer Protection Act* (TCPA) and 15 USC §§ 1601, et seq., also known as the *Fair Debt Collection Practices Act* (FDCPA).

7. Between about the years 2002 through 2004, Plaintiff obtained payday loans from Defendant ADVANCE AMERICA, CASH ADVANCE CENTERS OF ARIZONA, INC., (referred to hereafter as "ADVANCE AMERICA)."

8. Defendants, and each of them, alleged that Plaintiff owes them a balance of approximately $350.00 based on one of the loans.

9. The terms of the agreement between Plaintiff and Defendant ADVANCE AMERICA provided for an unconscionable rate of interest of over 400% on original loans and much

higher amounts of renewals of payday loans.

10. According to Arizona law, unconscionable contracts may be deemed invalid and or unenforceable at the court's discretion. Plaintiff contends that the agreements were, in fact, unconscionable considering the rate of interest and considering that Plaintiff lives on a fixed income of Social Security Disability Income (SSDI) of just $854.00 (this amount was much less when the original loans were made to Plaintiff).

11. Despite the fact that these loans were made over nine (9) years ago, Defendant ADVANCE AMERICA retained the services of Defendant D2 to attempt to collect the alleged debt, as the authorized agents of ADVANCE AMERICA.

12. On or about March 6, 2013, a female called Plaintiff on his cellular phone at (520) 424-6253. She immediately asked Plaintiff is his name was Roger Jewell. Plaintiff replied in the affirmative. The caller then asked Plaintiff to verify his social security number. Plaintiff replied by asking "who are you?" to which the caller said, "I can't tell you that until I verify your social security number." Plaintiff told the caller that he would not verify his social security number until she told him what company she was from. Reluctantly, the caller said that she was calling from D2 Management & Associates. Plaintiff's caller ID listed the calling number as (877) 851-7773.

13. Plaintiff then stated that she had called his cellular phone number and told her not to contact him again. He also told her that she had violated the Telephone Consumer Protection Act (TCPA) by making the unsolicited call to his cell phone without his permission. The caller replied that she could call the cellular phone number if a skip tracer found out Plaintiff's cellular phone number. Plaintiff disagreed with the caller and

then said that she had better not call Plaintiff again and said, "I intend to sue you for harassment." Plaintiff then asked for the company address for D2 and the phone was disconnected by the caller. Plaintiff immediately called the number asked the male person who answered the call and again asked for the company address for D2. Again, the person disconnected the call.

14. By engaging in the aforementioned actions, Defendants, and each of them, violated both the FDCPA and TCPA).

15. As an actual and proximate result of the improper actions of Defendants, and each of them, Plaintiff has suffered general damages through invasion of privacy rights and emotional distress caused by the harassment by defendants, and each of them, in the amount of $100,000.00.

16. In doing the things alleged herein, Defendants, and each of them, acted intentionally with malice, ill will, and oppression in conscious disregard for the rights of Plaintiff ROGER JEWELL, thereby justifying the imposition of punitive and exemplary damages in the amount of $100,000.00.

**SECOND CAUSE OF ACTION**
(Harassment)

17. Plaintiff hereby refers to and incorporates by this reference, each and every allegation contained in paragraphs 1 through 16, inclusive, of this Complaint as though fully set forth.

18. The violations of the FDCPA and TCPA by Defendants, and each of them, constitute harassment *per se*. As a proximate and actual result of the outrageous conduct of defendants, and each of them, Plaintiff has suffered invasion of his privacy rights and

emotional distress.

19. Plaintiff has suffered general damages in the amount of $100,000.00.

20. In doing the things alleged herein, Defendants, and each of them, acted intentionally with malice, ill will, and oppression in conscious disregard for the rights of Plaintiff ROGER JEWELL, thereby justifying the imposition of punitive and exemplary damages in the amount of $100,000.00.

**THIRD CAUSE OF ACTION**
(Injunctive Relief)

21. Plaintiff hereby refers to and incorporates by this reference, each and every allegation contained in paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth.

22. If the injunctive relief requested by PLAINTIFF ROGER JEWELL is denied, said Plaintiff will continue to suffer irreparable harm in the form of invasion of his privacy rights and will continued suffering of great emotional distress.

23. Plaintiff is entitled to an order from this Court prohibiting Defendants, and each of them, from contacting Plaintiff in any manner, whether it is verbal or written form.

**FOURTH CAUSE OF ACTION**
(Declaratory Relief)

24. Plaintiff hereby refers to and incorporates by this reference, each and every allegation contained in paragraphs 1 through 23, inclusive, of this Complaint as though fully set forth.

25. A present controversy exists in that Defendants contend that they can continue to harass Plaintiff while Plaintiff contends that such conduct is harassment and in violation

of the FDCPA and TCPA.

26. If the relief requested by Plaintiff ROGER JEWELL is denied, said Plaintiff will suffer irreparable harm from continued invasion of his privacy rights and emotional distress.

27. Plaintiff is entitled to an order from this Court stating delineating the respective rights and responsibilities of the parties.

**FIFTH CAUSE OF ACTION**
(Violation of Right to Privacy)

28. Plaintiff hereby refers to and incorporates by this reference, each and every allegation contained in paragraphs 1 through 27, inclusive, of this Complaint as though fully set forth.

29. In the event the evidence at trial reveals that Defendant D2 is not a licensed collection agency but nevertheless was acting with the consent of defendant ADVANCE AMERICA, Plaintiff's rights to privacy have been violated by Defendant ADVANCE AMERICA by providing and sharing of information with Defendant D2 about Plaintiff's financial and personal information.

30. As a proximate and actual violation of Plaintiff's right to privacy, Plaintiff has suffered emotional distress and general damages in the amount of $100,000.00.

31. In doing the things alleged herein, Defendants, and each of them, acted intentionally with malice, ill will, and oppression in conscious disregard for the rights of Plaintiff ROGER JEWELL, thereby justifying the imposition of punitive and exemplary damages in the amount of $100,000.00.

WHEREFORE, Plaintiff hereby prays for judgment against Defendants, and each

of them, as follows:

(1) General damages in the amount of $100,000.00;

(2) Exemplary damages of $100,000.00;

(3) Costs of suit incurred herein;

(4) An injunctive preventing Defendants, and each of them, from continuing to harass Plaintiff relative to this alleged debt;

(5) A judicial declaration stating that no debt is owed by Plaintiff to any of the defendants;

(6) Attorney's fees according to proof, if any; and

(7) For such other additional relief as the Court deems just and proper.

Respectfully submitted,

**PLAINTIFF ROGER JEWELL** March 8, 2013

## VERIFICATION

I, ROGER JEWELL, hereby declare under penalty of perjury, that the foregoing is true and correct, except as to matters alleged on information and belief, and on matters alleged on information and belief, Plaintiff believes the allegations are true and correct.

Roger Jewell March 8, 2013